IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT LAATZ,            )
                         )
         Plaintiff,      )
                         )
    v.                   )    No.  05 C 2856
                         )
UNUM LIFE INSURANCE COMPANY OF )
AMERICA,                 )
                         )
         Defendant.      )

MEMORANDUM ORDER

Unum Life Insurance Company of America ("Unum") has filed a Notice of Removal ("Notice") to bring this action from the Circuit Court of Cook County to this District Court, seeking to invoke the diversity of citizenship jurisdiction prescribed by 28 U.S.C. §1332.[1] Because Unum's counsel has misconceived the amount-in-controversy concept as applied to this action, this Court (which has the independent obligation to inquire into subject matter jurisdiction at the very outset, see Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998)) issues this memorandum order sua sponte to require further input from both Unum's counsel and counsel for plaintiff Robert Laatz ("Laatz").

Laatz' Complaint does not quantify his claim for disability benefits--Count I's prayer for relief refers only to a requested judgment "in an amount in excess of $30,000" (the watershed amount separating the Law Division from the Municipal Department

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

in the Circuit Court of Cook County). Unum's counsel seek to ratchet that amount up to a figure in excess of the over-$75,000 federal jurisdictional floor by pointing to the Complaint's added request for relief under 215 ILCS 5/155 ("Section 155"), which applies to vexatious and unreasonable conduct on the part of an insurer.

But that proposed approach misses the key point that all amounts recoverable under Section 155 are awarded "as part of the taxable <u>costs</u> in the action," while the over-$75,000 jurisdictional floor in Section 1332(a) must be calculated "exclusive of interest and <u>costs</u>." And controlling caselaw in the federal system teaches that "costs" is a term of art that is given a uniform meaning wherever it is encountered (see, e.g., <u>Marek v. Chesny</u>, 473 U.S. 1 (1985)).[2] What that then means is that Section 155 drops out as a factor in the amount-in-controversy determination.

This Court does not of course have the information required to evaluate Laatz' claim for disability benefits simpliciter, without reference to the noninclusable potential Section 155 recovery. But what is plain is that Unum's Notice ¶9 assertion of its good faith belief regarding the amount in controversy may

---

[2] This Court has good reason to recall <u>Marek</u>. That was its case at the trial court level, with our Court of Appeals then reversing this Court's decision to the same effect as has been stated in the text here, only to be reversed in turn by the Supreme Court's agreement with this Court's view.

2

be true in the subjective sense, but it proceeds from a false premise in the controlling objective sense. Although a sua sponte remand to the Circuit Court under Section 1447(c) would not be proper under the circumstances, counsel for each litigant--both Laatz and Unum--is ordered to file an appropriate statement regarding subject matter jurisdiction (or its absence) in this Court's chambers on or before May 27, 2005 to enable this Court to proceed appropriately with the matter.

                               _____
                               Milton I. Shadur
                               Senior United States District Judge

Date: May 18, 2005